# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | Criminal Action No. 4:21-CR-0279 |
| | § | |
| JHON FREDDY PALACIOS-ABADIA (2) | § | |
| | § | |
| **Defendant,** | § | |

## DEFENDANT'S SENTENCING MEMORANDUM

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Defendant, Jhon Freddy Palacios-Abadia, by and through his attorney of record, Timothy E. Brown, and files this *Defendant's Sentencing Memorandum*, and in support thereof, shows the following:

### Background

Before the Court is Jhon Freddy Palacios-Abadia.  On or about May 24, 2023, Defendant, Jhon Freddy Palacios-Abadia entered into a plea agreement in which he pleaded guilty to Count three of the indictment charging him with Conspiracy to Posses with the Intent to Distribute Cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) & (b).  This plea was entered before U.S. Magistrate Kimberly C Priest Johnson.  On June 14, 2023 United States District Judge Sean D. Jordan accepted Defendant's plea of guilty, made a finding of Guilt, and deferred acceptance of the plea agreement until after review of the presentence report.  In the agreement the parties stipulated to the following:

- That the amount involved during the term of the conspiracy involved at least 450 kilograms of a mixture or substance containing a detectable amount of cocaine. This amount was involved in the conspiracy after the defendant entered the conspiracy, was reasonably foreseeable to the defendant and was part of a jointly undertaken activity resulting in a base offense level pursuant to U.S.S.G. § 2D1.1 of 38.

- A reduction of two levels applies pursuant to U.S.S.G. § 3B1.2 because the defendant was a minor participant in the criminal activity.

- A reduction of three levels applies pursuant to U.S.S.G § 3E1.1; however, this stipulation is subject to the recommendation of the United States Probation Office and the other provisions of the agreement.

- Venue is appropriate in the Eastern District of Texas

- The United States agrees to dismiss Counts 1 and 2 of the Indictment against this defendant at the time of sentencing as part of the plea agreement, and

- The parties agree that the low end of the guideline range is the appropriate sentence.

## Presentence Investigation Report

**Defendant agrees with the Presentence Investigation Report offense level computation as summarized below.**

- 
- U.S.S.G. appendix A reflects that no guideline has been promulgated for 46 U.S.C. §70503(a) offenses. In such cases, U.S.S.G. §1B1.2(a) and §2x5.1 direct to use the most analogues guideline. The most analogous guideline is U.S.S.G §2D1.1. Pursuant to U.S.S.G. §2D1.1(a)(5) and (c)(1), if the offense involved 450 kilograms or more of

cocaine, the base offense level is 38, however, If the defendant receives an adjustment under U.S.S.G. § 3B1.2 (Mitigating Role) and the base offense level is 38, decrease by 4 levels. U.S.S.G. § 2D1.1(a)(5)(A) and (B)(iii).  As such, the base offense level is 34.

- Pursuant to U.S.S.G.§ 2d1.1(b)(18), if the defendant meets the criteria set forth in U.S.S.G. § 5C1.2(a)(1)-(5) [limitation on applicability of statutory minimum sentences in certain cases], the offense level is to be decreased by two levels. The defendant meets these criteria; therefore, the reduction is applied.

- There is no victim related adjustment.

- In the Plea Agreement, the parties agreed that the defendant was a minor participant in the criminal activity; therefore, decrease by two levels. U.S.S.G § 3B1.2(b).

- There is no adjustment for obstruction of justice.

- The adjusted offense level (subtotal): should therefore be 30.

- The defendant meets the criteria at U.S.S.G §§ 4C.1(a)(1)-(10). Therefore, Defendant is a Zero-Point Offender, and the offense level is reduced by two levels. U.S.S.G §§ 4C.1(a) and (b).

- The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels.

- The defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty.  Accordingly, the offense level is decreased by one additional level.

- **The total offense level should therefore be 25**.

### Conclusion

**Defendant agrees to the Presentence Investigation Reports recommended Sentence.**

When applying the total offense level of 25 to criminal history category 1, the Guideline Provisions is 57 months - 71 months, 2 years - 5 years supervised release and a $100 special assessment.  Though there is a statutory minimum of 10 years for this count, where U.S.S.G. §5C1.2 is applicable as in this case, the court shall impose a sentence in accordance with the applicable guideline range without regard to the statutory minimum sentence of imprisonment and supervised release.

As the parties agreed that the low-end of the guideline range is the appropriate sentence, the Presentence Investigation Report recommends that the sentence be 57 months of custody, 2 years of supervised release and a $100.00 special assessment.

<b><u>Taking continuous presentence custody into account</u></b>

As noted in the Presentence Investigation Report, Defendant was first detained on September 13, 2021 by the U.S. Coast Guard in international waters.  He was subsequently arrested on the Indictment warrant in the Southern District of Florida on October 15, 2021.  He subsequently appeared for Arraignment in the Eastern District of Texas on November 17, 2021 where he was ordered further detained until trial.

Defendant therefore respectfully requests this Honorable Court to reduce the months to be served in this sentence by the time he has been in continuous federal custody for the offense conduct. At the time of the scheduled Sentencing (February 1, 2024) Defendant will have been in continuous custody, since his original detention, for 28 months and 17 days.

Respectfully submitted,

*/s/ Timothy E. Brown*

Timothy E. Brown
Texas State Bar No: 24078272
tim@oldsbrown.com
Olds & Brown

Attorneys & Counselors at Law, PLLC
220 W. Cherry St.
Sherman, Texas 75090
Phone: (817) 500-5553
Fax: (512) 582-8472

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 15, 2024, a true and correct copy of the above and foregoing Motion was filed electronically, and through that system, all parties, by and through their respective attorneys, including the Assistant United States Attorney handling this case, have had this Motion forwarded to them.

*/s/ Timothy E. Brown*
Timothy E. Brown